## Scott, Appellant, *v.* Reading Company.

Argued October 2, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN and O'BRIEN, JJ.

reargument refused December 16, 1968.

*Frank A. McFerran, Jr.,* with him *Kenney, Stevens, Clark & Semple,* for appellant.

*V. C. Short,* with him *Harry Woodruff Turner,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 12, 1968:

Plaintiff filed an action in trespass seeking to recover damages for personal injuries he sustained when a tractor-trailer he was driving ran into defendant's railroad train. This accident occurred at about 10:30 A.M. on January 24, 1964, in Lancaster County, at a point where highway Route 230 crosses at a grade crossing a single railroad track. Plaintiff had driven over this railroad track many times during the previous five years.

Plaintiff was traveling in a westerly direction along Route 230, having started only about five miles from the scene of the accident. In his depositions, he testified that it was foggy and, because it was foggy, all the lights of his tractor-trailer were on, and he was proceeding at speeds of between 20 and 40 miles per hour. Plaintiff further testified that when he was about one-quarter mile from the intersection where the accident occurred, he caught up with a tanker, and when he attempted to pass the tanker it increased its speed.

Route 230, about one-eighth of a mile before the intersection, is straight and reasonably level. It consists of two lanes westbound and two eastbound, separated by a medial strip. About 450 feet from the intersection of Route 230 with the railroad track, there are two additional lanes—one on the north side of the highway going westbound, and one on the south side of the highway going eastbound.

Plaintiff testified that prior to the accident he was able to see at least one hundred feet or more in the direction in which he was proceeding (westerly). After he passed the tanker he pulled into the right lane. Although he saw a flash of light about 125 or 150 feet in front of him, he did not stop his tractor-trailer but turned into the left lane, which was an express lane. He then took his foot off the accelerator and proceeded forward at about 20 or 25 miles an hour. The first time he saw the train (which was moving in a southerly direction) was when he was 75 to 80 feet from the point of the accident. He then put on his brake and turned to the left, but could not avoid the collision. When the vehicles stopped, plaintiff's tractor was completely off the road to the south, but the trailer remained on the highway. Plaintiff stated that the reason he did not see the train sooner was because of the

fog, and that the stop-look-and-listen rule is therefore inapplicable.

There are several signs warning motorists of the location of the railroad crossing. About one-eighth of a mile before the crossing (on the north side of the highway), there is a sign which says, "Railroad Crossing." At the crossing, on both sides of the highway, there are signs which say, "Railroad Crossing." There are also signs which say, "Stop on Red Signals." Short of the crossing, on both sides of the highway, are double-flasher signals on high poles. Plaintiff was familiar with all these signs because he had seen them on his many previous trips over Route 230.

Defendant filed a motion for summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035. The lower Court, after studying the pleadings and plaintiff's depositions, entered summary judgment in favor of defendant. It is clear as crystal that plaintiff was negligent, and his negligence prevents his recovery. Cf. *Meade v. Pennsylvania R. R. Co.*, 375 Pa. 325, 100 A. 2d 612; *Hucaluk v. Clyde Realty Co., Inc.*, 378 Pa. 169, 106 A. 2d 829.

Judgment affirmed.

Mr. Justice JONES and Mr. Justice EAGEN concur in the result.

Mr. Justice MUSMANNO did not participate in the decision of this case.

Mr. Justice COHEN and Mr. Justice ROBERTS took no part in the consideration or decision of this case.